CENTER FOR DISABILITY ACCESS
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
russ @ potterhandy.com
   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, | **Case**: 3:20-cv-01192-WHO |
| Plaintiff, | **Plaintiff's Opposition to the Defense Motion to Dismiss the First Amended Complaint** |
| v. | |
| **Reimal Family Limited Partnership,** a California Limited Partnership; **M. William Reimal**. | Date: January 20, 2021<br>Time: 2:00 p.m.<br>Ctrm: 2 (17th Floor) |
| Defendants. | Honorable William H. Orrick |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................. i

TABLE OF AUTHORITIES ....................................................................... ii

    I.    Preliminary statement ................................................................ 1

    II.   The defense jurisdictional challenge on the basis of mootness is premature and improperly framed as a factual challenge under Rule 12(b)(1) or (h)(3). ......................... 1

    III.  The defense has failed to submit any admissible evidence that the barriers have been removed. ......................................... 4

    IV.  Conclusion ................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

*Augustine v. United States*,
　704 F.2d 1074 (9th Cir. 1983) ................................................................. 3

*Careau Grp. v. United Farm Workers of Am., AFL-CIO*,
　940 F.2d 1291 (9th Cir. 1991) ................................................................. 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
　509 U.S. 579 (1993) ................................................................................. 6

*Guidroz-Brault v. Mo. Pac. R. Co.*,
　254 F.3d 825 (9th Cir. 2001) ................................................................... 6

*Johnson v. Hernandez*,
　69 F.Supp.3d 1030 (E.D. Cal. 2014) .................................................... 3, 4

*Johnson v. SSR Group, Inc.*,
　2016 WL 3669994 (N.D. Cal. 2016) ........................................................ 4

*Leite v. Crane Co.*,
　749 F.3d 1117 (9th Cir. 2014) ................................................................. 3

*Robert v. Corrothers*,
　812 F.2d 1173 (9th Cir. 1987) ............................................................. 2, 3

*Rosales v. United States*,
　824 F.2d 799 (9th Cir. 1987) ............................................................... 2, 3

*Safe Air for Everyone v. Meyer*,
　373 F.3d 1035 (9th Cir. 2004) ................................................................. 2

*Sharp v. Islands Rest.-Carlsbad*,
　900 F. Supp. 2d 1114 (S.D. Cal. 2012) .................................................... 5

**Statutes**

Fed. R. Evid. § 702(b) ........................................................................................ 5

## I. Preliminary statement

Two weeks after filing its answer to the operative complaint—and while the case is stayed—the defendants have moved for dismissal based on claims of changes to their property (during the stay) and before plaintiff has had any opportunity to conduct discovery. This motion is objectionable, premature and must be denied.

Plaintiff notes that it may very well be that the defense has now brought its facilities into full compliance with the ADA and—after plaintiff has had the opportunity to have a Certified Access Specialist assess the facilities—plaintiff might agree with the defense and stipulate to the dismissal of the ADA claim on the basis of mootness. But the defense does not get to force this issue down the throat of the plaintiff on a rushed and disguised motion for summary judgment at the outset of the case, before any discovery is done, and during a stay of all discovery.

## II. The defense jurisdictional challenge on the basis of mootness is premature and improperly framed as a factual challenge under Rule 12(b)(1) or (h)(3).

The defense argues that this Court should dismiss the case due to mootness. While it is appropriate in certain circumstances to bring a motion under Federal Rule of Civil Procedure 12(b)(1) introducing extrinsic facts and challenging federal court jurisdiction, it is not appropriate in the present case with the present motion.

The problem with the defense motion is that the very question this Court needs to address in determining whether it has jurisdiction is the same question that must be answered to determine the merits of the case and whether plaintiff can prove his claims. In this case, plaintiff alleges that the defense parking and entrance do not comply with federal accessibility laws. If that is true, plaintiff can prevail and obtain an

1

injunction. If that is wrong, plaintiff loses. That is the case. The ultimate question in this case is whether the defense facilities comply with accessibility laws. The defense however, asks this Court to answer that very question in determining whether it has jurisdiction. This is improper.

The Ninth Circuit has cautioned that courts should not apply Federal Rule of Civil Procedure 12(b)(1) standards when, as it is here, the issue of jurisdiction is intertwined with the merits of a claim.[1] As one court framed it: "The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case . . . where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'"[2] It is inappropriate and premature to require a plaintiff to prove up the merits of his case at the pleading stage, just to prove jurisdiction:

> [I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law . . . . Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact.
>
> [*Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).]

Thus, "A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, *if*

---

[1] *Sun Valley Gasoline*, 711 F.2d at 139-40; *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[2] *Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (internal cites omitted).

*the jurisdictional facts are not intertwined with the merits.*"[3]

It is true that a court normally not need accept the complaint allegations as true when there is a *factual* attack on jurisdiction under Rule 12(b)(1).[4] But the court must treat a factual attack under Rule 12(b)(1) differently "when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim."[5] This occurs where the jurisdictional question "is dependent on the resolution of factual issues going to the merits."[6] Consider the case of *Johnson v. Hernandez*,[7] where the district court denied an almost identical defense motion.

In short, where the jurisdictional facts are intertwined with the merits, a Rule 56 "summary judgment standard" applies.[8] Dalip Properties can and should bring its claims in the form of a Rule 56 motion. Simply put, this Court should not dismiss the action at this juncture because the jurisdictional analysis is coextensive with the merits of Johnson's ADA claim and a factual dispute exists as to the alleged corrections. And it would be unfair to convert the present motion to a Rule 56 motion, given that there is a discovery stay in effect, this case is at its earliest stages, and plaintiff desires to have an expert site inspection under Rule 34 to assess the accessibility of the business as well as the recent

---

[3] *Rosales*, 824 F.2d at 803 (emphasis added).
[4] *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014).
[5] *Leite*, 749 F.3d at 1122 n.3.
[6] *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).
[7] *Johnson v. Hernandez*, 69 F.Supp.3d 1030 (E.D. Cal. 2014).
[8] *Roberts*, 812 F.2d at 1177; *Careau Grp. v. United Farm Workers of Am., AFL-CIO*, 940 F.2d 1291, 1293 (9th Cir. 1991).

changes made. Magistrate Judge Maria-Elena James also denied a motion on almost identical grounds.[9]

If notice had been given that a Rule 56 motion was being brought, Johnson would file a 56(d) declaration. Johnson respectfully requests this Court consider adopting the holding of the *Johnson* court:

> "In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment ...." *Augustine*, 704 F.2d at 1077. Converting the instant Motion to one for summary judgment would be premature because Plaintiff has not yet had the opportunity to engage in discovery and thus has not had the opportunity to develop the evidence he may need to rebut Defendants' "facts." Accordingly, Defendants' Motion to Dismiss for lack of jurisdiction is DENIED without prejudice to raising this argument in a properly noticed and appropriately timed motion for summary judgment.

[*Johnson*, 69 F. Supp. 3d at 1035.]

Simply put, Dalip Properties needs to permit Johnson to conduct a site inspection and some basic discovery and then it can renew this motion as a motion for summary judgment under Rule 56.

### III. The defense has failed to submit any admissible evidence that the barriers have been removed.

The only admissible evidence are declarations by William Reimal and Kelly Bray. But despite declaring compliance, neither of these declarations provide a single measurement or fact upon which their conclusions are based.

Mr. Reimal declares that "We made the threshold, path of travel and van accessible parking space changes per the modern ADA code."[10] This is

---

[9] *Johnson v. SSR Group, Inc.*, 2016 WL 3669994 (N.D. Cal. 2016).
[10] Dec of Reimal (Docket Entry 28-4), ecf. p. 3, line 28 – p. 4, line 1.

4

Opposition to MTD                                    3:20-cv-01192-WHO

opinion testimony of a layperson but it encompasses technical or specialized knowledge in violation of Rule 701(c) of the Federal Rules of Evidence. The defense has provided no qualifications for William Reimal, a "representative" of the property owner, to testify about what constitutes compliance with the ADA. Moreover, even he were an expert, he would still be required to provide the facts and data relied upon to form his opinion.[11] This statement is a naked conclusion about compliance with the law with no basis provided. Merely declaring that facilities are "accessible within the meaning of the ADA" is a legal conclusion and objectionable and not to be considered.[12]

Additionally, Reimal declares that Certified Access Specialist Kelly Bray: "verified that Plaintiffs barriers no longer existed, and our facility was ADA compliant."[13] But that is naked hearsay in violation of Rule 802 of the Federal Rules of Evidence and objectionable.

As for the actual expert, Kelly Bray, she declares that she "found that all of the elements that Plaintiff complained about now complied with the ADA codes" and that she prepared a report that "stated that all of the complained of barriers no longer existed. The elements listed in Plaintiff's complaint complied with the ADA 2010 standards."[14] But, again, not a single measurement is provided. Not a slope measurement. Not a width or height measurement. Just a naked declaration that she found nothing amiss. This is opinion testimony of an expert but it is not admissible expert testimony under Rule 702 of the Federal Rules of Evidence and *Daubert v.*

---

[11] Fed. R. Evid. § 702(b).
[12] *Sharp v. Islands Rest.-Carlsbad*, 900 F. Supp. 2d 1114, 1126 (S.D. Cal. 2012).
[13] Dec of Reimal (Docket Entry 28-4), ecf. p. 5, lines 10-11.
[14] Dec of Bray (Docket Entry 28-5), ecf. p. 2, lines 13-14 and 17-19.

*Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) because it does not "based on sufficient facts or data" and provides no insight into the principles and methods relied upon to reach the opinions. Moreover, "[i]n the context of a motion for summary judgment or other pretrial dispositive motion, an expert must back up his opinion with specific facts."[15] Here, Mr. Bray has not specified the facts or data for the facilities at issue or, in fact, the code provisions and access standards he is referring to when he declares compliance with them. Instead, Mr. Brary only offers conclusory allegations.

## IV. Conclusion

Plaintiff respectfully requests this Court deny the motion to dismiss. When the discovery stay is lifted, plaintiff intends to conduct a Rule 34 site inspection with an expert and to determine if the ADA claims have been rendered moot.

Dated: December 24, 2020     CENTER FOR DISABILITY ACCESS

By: /s/ Russell Handy
Russell Handy, Esq.
Attorneys for Plaintiff

---

[15] *Guidroz-Brault v. Mo. Pac. R. Co.*, 254 F.3d 825, 831 (9th Cir. 2001).