CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Prathima Price, Esq., SBN 321378
8033 Linda Vista Road Suite 200
San Diego CA 92111
(858) 375-7385; (888) 422-5191 fax
prathimap@potterhandy.com

Attorneys for Plaintiff

CATHERINE M. CORFEE SBN 155064
CORFEE STONE LAW CORPORATION
P.O. Box 1098
Carmichael, CA 95609
Telephone: (916) 487-5441
Facsimile: (916) 487-5440
catherine@corfeestone.com
assistant@corfeestone.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**,<br><br>    Plaintiff,<br><br>    v.<br><br>**Reimal Family Limited Partnership**, a California Limited Partnership;<br>**M. William Reimal**; and Does 1-10,<br><br>    Defendants | Case No. 3:20-cv-01192-WHO<br><br>**Joint Case Management Statement**<br><br>Date:    January 19, 2021<br>Time:    2:00 p.m.<br><br>Honorable Judge William H. Orrick |

The parties jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018 and Civil Local Rule 16-9.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**1.     Jurisdiction & Service**

<u>Plaintiff</u>: This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

The complaint has been duly served on Defendants on or about February 27, 2020.

<u>Defendants</u>: The Courts lacks subject matter jurisdiction per Defendants' Motion to Dismiss the ADA claim. The Courts discretion to keep supplemental jurisdiction. Venue was proper at the time to Complaint was filed.

**2.     Facts:**

<u>Plaintiff</u>: Scott Johnson is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van. Defendant Reimal Family Limited Partnership owns the real property located at or about 8010 Wayland Ln, Gilroy, California ("Subject Property"). Defendant M. William Reimal is a general partner of Defendant Reimal Family Limited Partnership. Plaintiff went to the Subject Property with the intention to avail himself of its goods or services, specifically to visit Gilroy Family Chiropractic.

1        On the dates of the plaintiff's visits, the defendants failed to provide

2 wheelchair accessible parking in conformance with the ADA Standards as

3 it relates to wheelchair users like the plaintiff. Defendants offer

4 approximately 24 parking stalls at the Subject Property. There is no

5 indication that any of the parking stalls is reserved for any particular

6 business at the Subject Property. There is no accessible parking space with

7 adjacent access aisle marked and reserved for persons with disabilities.

8 Likewise, there is no van-accessible parking space with adjacent access

9 aisle marked and reserved for persons with disabilities. Additionally, the

10 defendants failed to provide wheelchair accessible paths of travel leading

11 to Gilroy Family Chiropractic. The entrance to Gilroy Family Chiropractic

12 has a raised threshold approximately six inches high.

13        Defendant's failure to provide for accessible parking and path of

14 travel at the Subject Property is discriminatory against the plaintiff; and

15 therefore, violates the plaintiff's rights under the American with

16 Disabilities Act and the Unruh Civil Rights Act.  Plaintiff seeks injunctive

17 relief and the statutory minimum damage award.

18        <u>Defendants</u>: Defendants' admit that they had imperfections access

19 with respect to the ADA regarding parking, the threshold, and path of

20 travel. There is current compliance with the ADA and has been since June

21 of 2020. Defendants served a declaration with their CASp's re-inspection

22 report confirming compliance. This report was served on Plaintiff on July

23 24, 2020. Defendants asked Plaintiff and his counsel including Plaintiff's

24 experts/CASp, to return to the property to verify ADA compliance. Plaintiff

25 refused. Plaintiff was  not only sent the CASp report but per Defendants'

26 Motion to Dismiss Defendants' filed the CASp's declaration with his re-

27 inspection report attached where he swears under penalty of perjury that

28 Defendants have ADA compliant parking, path of travel to the

chiropractor's office, and threshold. Those elements are currently ADA compliant. Plaintiff has been served with this evidence. Plaintiff states that "there is no indication" current accessible parking, path of travel, and threshold. It is undisputed that the property conditions changed, and Defendants swore to this including having admitting to not perfectly meeting the ADA codes during Plaintiff's visit.

**3.    Legal Issues**

The disputed legal issues are: (1) Whether the defendant's property meets the minimum standards of the ADA; state disability laws and other codes; (2) whether the defendants are responsible under the law to remove barriers; (3) whether the barriers are readily achievable to remove; (4) whether the plaintiff has standing to seek either damages or injunctive relief; and (5) the nature and extent of damages, if any.

**4.    Motions**

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendants</u>: Defendants anticipates Plaintiff filing a Motion for fees and costs if the ADA is moot and the Court determines the reasonableness of Plaintiff's visit assuming the parties are unable to settle.

**5.    Amendment of Pleadings**

<u>Plaintiff</u>: Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to

4

have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.,* 631 F.3d 939 (9th Cir. 2011).

<u>Defendants</u>: Defendants contend that Plaintiff's Complaint is moot. They informed Plaintiff that they have a plan to make other ADA changes within 18 months. Defendants do not want other disabled individuals to lack access and/or sue them.

## 6.   **Evidence Preservation**

The Parties agree to make efforts to preserve all discoverable information, regardless of the format in which it is kept (email, database, paper file, etc.).

The parties are unaware of any issues in this regard at this time.

## 7.   **Disclosure**

The Parties do not seek any changes to the form or requirements for initial disclosures. The parties have exchanged Initial Disclosure.

## 8.   **Rule 26 Discovery Plan**

1.   <u>Discovery Subjects</u>

<u>Plaintiff</u> intends to seek discovery related to: (1) the ownership and operation of the business; (2) the lack of accessible parking and path of travel at the Gilroy Family Chiropractic; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for

Production of Documents; to take the deposition of Defendant and to conduct an expert site inspection.

Defendants: Defendants reserve the right to propound all available discovery, including but not limited to Interrogatories (Set 1 & 2); deposition of Plaintiff and/or his employees, document productions, request for admissions.

The Parties do not propose to conduct discovery in phases. The parties agree to electronic service in this matter. Documents sent to the appropriate e-mail addresses for the respective parties below shall be deemed served the day it is received by e-mail if received by midnight, or the following weekday if served after. The parties agree that service under this agreement shall be entitled to the benefits of FRCP 6(d). Either party may modify their service list by providing notice to the below listed service addresses with the new e-mail addresses to be served.

Plaintiff: serve@potterhandy.com and Josiez@potterhandy.com

Defendants:

2. Changes in Limitations on Discovery

Plaintiff: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

Defendants: Defendants' agree to Plaintiff's request but reserve the right to send more questions if needed and per the FRCP where allowed.

//

**9.      Class Actions**

N/A.

**10.     Related Cases**

The Parties are unaware of any related cases.

**11.     Relief**

Plaintiff: claims injunctive relief, attorney fees and damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

Defendants: Defendants have provided injunctive relief, are willing to pay Plaintiff xxx and reasonable and necessary fees incurred for Plaintiff's separate State claim, not the mooted ADA claim where fees are not available.

**12.     Settlement and ADR**

Plaintiff: The matter was provisionally settled and Plaintiff submitted a notice of settlement to this Court on September 15, 2020 (*Docket 23*). However, despite multiple attempts, and diligent action by the plaintiff, settlement has not been consummated and plaintiff moved to have this case reopened.

Defendants:  The matter was settled upon an agreement to the amount of money. Defendants were willing to pay Plaintiff the money they desired. The parties, however, were unable to agree on waivers and consideration.

//

Joint Case Management Statement                                        3:20-cv-01192-WHO

**13.    Consent to Magistrate Judge for All Purposes**

<u>Plaintiff</u>: does not consent to have a Magistrate Judge preside over this case.

<u>Defendants</u>: Defendant consents to a magistrate if the case continues forward.

**14.    Other References**

None

**15.    Narrowing of issues**

None

<u>Defendants</u>: Since Defendants admit liability to the ADA and California State claim, the issue is how many visits is Plaintiff entitled to recovery per the statutory damages of $4,000 per visit. Cal. Civ. 52. The issue is how much Defendants should pay Plaintiff's attorney fees and cost for Plaintiff's State claim.

**16.    Expedited Trial Procedure**

The parties do not believe that this case is suitable for an expedited schedule.

**17.    Scheduling**

<u>Plaintiff</u> proposes:

The date for Disclosures of Expert Witness as November 22, 2021

Discovery Cut-Off of January 3, 2022

Defendants' propose January 29, 2022

Law and Motion Cut-Off of January 31, 2022

Defendants' propose February 26, 2022

Pre-trial Conference date of March 14, 2022

Trial date of March 29, 2022

<u>Defendants</u> propose: Defendants are unavailable for March 29, 2022 but are available on May 5, 2022 for 4 days.

**18.   Trial**

<u>Plaintiff</u>: has requested a Court trial and anticipates a 2-3 day trial.

<u>Defendants</u>:  Propose 4 days for a jury trial.

**19.   Disclosure of Non-Party Interested Entities or Person**

<u>Plaintiff</u>: There are no interested parties other than the Plaintiff.

<u>Defendants</u>: Are unaware of non-party interested entities or persons.

**20.   Professional Conduct**

Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters**

None

1

Dated: January 12, 2021                    CENTER FOR DISABILITY ACCESS

2

3

4

By:  */s/Prathima Price*
5
Prathima Price
Attorney for Plaintiff
6

7

8

Dated: January 12, 2021                    CORFEE STONE LAW
9                                           CORPORATION

10

11

12

By:  */s/Catherine M. Corfee*
13
Catherine M. Corfee
Attorney for Defendants
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Case Management Statement                              3:20-cv-01192-WHO

1

## SIGNATURE ATTESTATION

2

3   I hereby attest that all other signatories listed, and on whose behalf the filing

4   is submitted, concur in this document's content and have authorized the filing

5   of this document with the use of their electronic signature.

6

7

8

Dated: January 12, 2021                   CENTER FOR DISABILITY ACCESS

9

10

11

                                          By:  */s/Prathima Price*
12                                        Prathima Price
13                                        Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES**

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 10/4/2021 |
| Non-Expert Discovery Cut-Off | 15 | 12/13/2021 |
| Expert Discovery Cut-Off | 12 | 1/3/2022 |
| Last Day to Conduct Settlement Proceedings | 10 | 1/17/2022 |
| Last Day for Law and Motion Hearings | 8 | 1/31/2022 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 3/14/2022 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 3/21/2022 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 3/25/2022 |
| Trial **(Tuesday at 9:00 a.m.)** | | 3/29/2022 |