UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>REIMAL FAMILY LIMITED PARTNERSHIP, et al.,<br><br>    Defendants. | Case No. 20-cv-01192-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS ADA CLAIM AS MOOT AND GRANTING PARTIAL MOTION FOR SUMMARY JUDGMENT REGARDING UNRUH ACT STATUTORY DAMAGES**<br><br>Re: Dkt. No. 28 |

**INTRODUCTION**

Defendants Reimal Family Limited Partnership, Reimal Family Limited Partnership, and M. William Reimal ("defendants") move to dismiss plaintiff Scott Johnson's ADA claim under Rule 12(b)(1) as moot because they have fixed the issues Johnson identified. They also move for partial summary judgment to limit statutory damages on his Unruh Act claim to $4000 because it would be unreasonable to allow a veteran ADA plaintiff like Johnson to stack damages when he did not tell the property owners, nor the chiropractic office he was allegedly trying to access – which is open by appointment only 2-3 days a week – of the accessibility issues he encountered after the first of his four visits. Johnson opposed the motion to dismiss on the bases that he has not yet inspected the improvements to the property and that defendants have failed to submit adequate admissible evidence to support a finding of mootness. He did not oppose defendants' summary judgment motion. I agree with defendants: their motion to dismiss the ADA claim as moot is GRANTED and their motion for partial summary judgment on the issue of statutory damages is GRANTED.

**BACKGROUND**

Plaintiff Scott Johnson is a California resident with physical disabilities. Dkt. No. 17

("FAC") ¶ 1. He cannot walk and has significant manual dexterity impairments. *Id.* He uses a wheelchair for mobility and has a specially equipped van. *Id.* Defendant Reimal Family Limited Partnership owned the real property located at 8010 Wayland Ln, Gilroy, California (the "Property") between May 2019 through October 2019 and Reimal Family Limited Partnership currently owns the Property. *Id.* ¶¶ 2-3. Defendant M. William Reimal was a general partner of Reimal Family Limited Partnership between May 2019 through October 2019 and is currently a general partner of Reimal Family Limited Partnership. *Id.* ¶¶ 4-5.

Johnson went to the Property in May 2019, June 2019, and twice in October 2019 with the intention to avail himself of the goods and services at Gilroy Family Chiropractic, located at the Property in Suite 1B. *Id.* ¶ 10. On the dates Johnson visited, the Property did not have wheelchair accessible parking and wheelchair accessible paths of travel leading to Gilroy Family Chiropractic in conformance with ADA standards. *Id.* ¶¶ 12-26. In his First Amended Complaint ("FAC"), based on these alleged barriers to access the Property, Johnson brings claims under the ADA and California Unruh Civil Rights Act, which provides that a violation of the ADA is a violation of the Unruh Act. FAC ¶¶ 30-46.

Johnson's FAC was filed in May 2020. *See* FAC. Prior to filing his initial complaint Johnson did not notify defendants to inform them of the ADA violations at the Property or of his attempts to access the Property. Dkt. No. 28-4 ("Reimal Decl.") ¶ 2. Nor did Johnson ever contact Gilroy Family Chiropractic, which is only open 2-3 days a week and by appointment only. *Id.* ¶ 19.

In May 2020, Reimal hired an architect and a Certified Access Specialist ("CASp"), Kelly Bray, to inspect the property and create plans and specifications to remove the barriers identified in Johnson's FAC. *Id.* ¶ 5. On May 6, 2020, Reimal sent a sworn declaration to Johnson to notify him that defendants were taking steps to remove the barriers at the property. *Id.* ¶ 7. By June 2020, defendants were able to complete the improvements to the property. *Id.* ¶ 11.

On July 21, 2020, Reimal sent a sworn declaration to Johnson notifying him of the changes made to the Property and informing him that the barriers alleged in the FAC had been resolved. *Id.* ¶ 13; *see also* Dkt. No. 28-2, Ex. B ("July 21, 2020 Reimal Decl."). Reimal attached to this

declaration the inspection and re-inspection reports prepared by CASp Kelly Bray, *see* July 21, 2020 Reimal Decl., Exs. A-B, and invited Johnson and his counsel to come to the Property for an inspection to confirm that all barriers had been removed. *Id.* ¶ 13. Reimal also informed Johnson that defendants had contracted with Bray to return once a year for a three-year period to inspect the Property and to confirm compliance with the ADA. *Id.* In November 2020, defendants' counsel contacted Johnson's counsel to again invite Johnson to inspect the Property. Dkt. No. 28 ("Corfee Decl.") ¶ 3; Dkt. No. 28-2, Ex. C. Johnson did not inspect the property.

On November 23, 2020, defendants filed an Amended Answer to the FAC. *See* Dkt. No. 27 ("AA"). Defendants admit Johnson's allegations regarding the physical barriers he experienced at the Property, but deny that any barriers remain and note, in response to Johnson's allegation that he visited the Property four times, that the court must determine whether multiple visits were reasonable given Johnson's duty to mitigate damages. *See e.g.*, *id.* ¶ 10-20. On December 9, 2020, defendants filed the present motion. *See* Dkt. No. 28-6 ("Mot.").

**LEGAL STANDARD**

**I.    MOOTNESS**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction,' and it is "presumed that a cause of action lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the authority to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve a facial challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. In contrast, with

3

a factual attack, a court may "look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment" and "need not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

"Jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983)).

## II.   SUMMARY JUDGMENT

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id.* 324.

The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 257 (1986). On summary judgment, the Court draws all reasonable factual inferences in favor of the non-movant. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* (citation omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 242.

# DISCUSSION

## I. MOOTNESS

Defendants move to dismiss plaintiff's claims under 12(b)(1), arguing that all the complained of barriers have been remedied. *See* Mot. at 10. Defendants rely on the declarations of attorney Catherine Corfee, defendant William Reimal, and expert Kelly Bray, to establish that the Property is now ADA compliant. *See* Corfee Decl., Reimal Decl., Dkt. No. 28-5 ("Bray Decl.").

A district court is "ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial," *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983), including on a Rule 12(b)(1) motion to dismiss. However, the Ninth Circuit has cautioned that it is inappropriate to resolve factual disputes on a motion to dismiss where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone*, 373 F.3d at 1039 (internal quotation marks and citation omitted).

In ADA cases, the continuing existence of physical barriers is both a jurisdictional and substantive issue and accordingly, courts generally decline to dismiss ADA claims on mootness grounds unless there is no factual dispute that the alleged barriers have been remedied. *See, e.g. Ngoc Lam Che v. San Jose/Evergreen Cmty. Coll. Dist. Found.*, Case No. 17-cv-00381-BLF, 2017 WL 2954647, at *3 (N.D. Cal. July 11, 2017) (denying Rule 12(b)(1) motion where the parties submitted competing expert declarations); *Alcazar v. Bubba Gump Shrimp Co. Restaurants, Inc.*, Case No. 20-cv-02771-DMR, 2020 WL 4601364, at *4 (N.D. Cal. Aug. 11, 2020) (denying motion to dismiss ADA claims for mootness where parties submitted competing declarations regarding remedial measures); *Powers v. Mad Vapatory LLC*, Case No. 19-cv-05642-VKD, 2020 WL 3402245, at *6 (N.D. Cal. June 19, 2020) ("the Court will not dismiss the action at this juncture because the jurisdictional analysis is coextensive with the merits of Mr. Powers's ADA claim"); *Johnson v. Case Ventures, LLC*, Case No. 5:19-cv-02876-EJD, 2020 WL 4747908 (N.D. Cal. Aug. 17, 2020) (applying summary judgment standard to evidence re mootness of ADA claims); *see also Langer v. Nenow*, Case No. 18-cv-01670-GPC-PGS, 2020 WL 708144, at *4

1  (S.D. Cal. Feb. 12, 2020) (finding that a plaintiff's ADA claim was moot where defendant
2  submitted that alleged violations had been cured and plaintiff did not submit competing evidence).

3  Here, the facts are not meaningfully in dispute. Defendants have submitted evidence that
4  all the ADA barriers have been removed and Johnson has failed to submit competing evidence.

5  Johnson argues that the motion should be denied because he has not yet had an opportunity
6  to inspect the Property. Dkt. No. 29 ("Opp.") at 4. This argument is not well taken. Defendants
7  invited Johnson to inspect the Property on multiple occasions and Johnson refused to do so. In
8  July 2020, defendant Reimal sent Johnson a formal declaration explaining that the barriers at the
9  Property had been cured and stating, "Plaintiff is invited and strongly encouraged to return and/or
10 his attorneys and/or CASp to verify if he does not believe the attached CASp report."). *See* July
11 21, 2020 Reimal Decl. ¶ 10. In November 2020, defense counsel emailed Johnson's counsel to
12 again "invite[] Plaintiff, your firm and/or a CASp to go [to the Property] anytime to re-inspect it."
13 Corfee Decl., Ex. C. Johnson and his counsel had nearly six months to inspect the Property at the
14 explicit invitation of defendants prior to defendants filing this motion and declined to do so.

15 In his opposition, Johnson argues that defendants' motion to dismiss is premature and that
16 it would have been inappropriate for Johnson to participate in an inspection of the Property,
17 because of the existing discovery stay imposed by General Order No. 56. *See* Opp. at 1. While
18 the Northern District's General Order No. 56 does impose a stay of discovery in ADA cases, it
19 specifically does not stay "motions under Rule 12(b)." General Order 56 ¶ 3. Courts in this
20 district have repeatedly rejected the argument that General Order 56 poses a bar to motions to
21 dismiss. *See Moralez v. Whole Foods Market, Inc.*, 897 F. Supp. 2d 987, 993 n.2 (N.D. Cal. 2012)
22 (rejecting argument that General Order 56 "bars motions to dismiss until after certain discovery is
23 complete"); *Johnson v. 1082 El Camino Real, L.P.*, Case No. 17-cv-01391-EJD, 2018 WL
24 1091267, at *2 (N.D. Cal. Feb. 28, 2018) ("This Court also finds that General Order 56 does not
25 preclude Defendants from bringing the instant motion to dismiss for lack of subject matter
26 jurisdiction"); *Johnson v. Torres Enterprises LP*, Case No. 18-cv-02929-VKD, 2019 WL 285198,
27 *2 (N.D. Cal. Jan. 22, 2019) ("General Order 56 does not bar defendants from bringing a motion
28 to dismiss for lack of subject matter jurisdiction, but even if the Order did bar such motions, the

Court exercises its discretion to permit defendants' challenge here."); *Johnson v. Winchester Campbell Properties, LLC*, Case No. 18-cv-04153-VKD, 2018 WL 6619940, at *2 (N.D. Cal. Dec. 18, 2018) ("[J]udges in this District have concluded that General Order 56 does not bar the filing of a motion challenging the pleadings"). Like these courts, I agree that General Order 56 does not bar a defendant from moving to dismiss on mootness grounds.

Further, General Order 56 does not bar parties from engaging in voluntary site inspections nor does it excuse Johnson's failure to inspect the Property improvements here. The purpose of General Order 56 is to encourage the parties to cooperate to resolve ADA claims quickly and efficiently with minimal cost. *See e.g.* General Order 56 ¶ 5 (encouraging early settlement discussions); ¶ 7 (requiring the parties to conduct a joint site inspection within 60 days of service of the complaint). It should not be read as an impediment to engage in voluntary site visits or inspections aimed at resolving claims. And even if the discovery stay could be read to prohibit such voluntary inspections, the Order specifically permits the parties to "lift the stay to conduct specific discovery" by submitting a request by stipulation or administrative motion to the court. *Id.* ¶ 3. General Order No. 56 poses no barrier to good faith cooperation between the parties. There is no reason Johnson and his counsel could not have reinspected the Property as defendants repeatedly requested. Johnson's failure to submit competing evidence regarding the current state of the Property is the result of his own strategic choices and does not justify denying defendants' motion to dismiss.

Johnson's other primary argument against the motion to dismiss is that defendants have not submitted adequate admissible evidence to demonstrate that the ADA violations have been resolved. Opp. at 4-5. Specifically, Johnson argues that Reimal's declaration contains inadequate layperson opinion testimony and hearsay. *Id.* And he argues that the declaration of CASp Bray is inadequate because he declares that he inspected the property and determined there were no remaining barriers, but his declaration does not contain the basis for his opinion, such as what measurements he took at the Property. *Id.* at 5.

This argument is also not convincing. While Bray's declaration is relatively sparse, he declares that he prepared a report regarding his examination of the property on July 16, 2020.

7

Bray Decl., ¶ 5. Defendants have separately submitted this report attached to Reimal's July 21, 2020 declaration, which is attached as an exhibit to the declaration of defense counsel Corfee. *See* July 21, 2020 Reimal Decl., Ex. B. The report contains a detailed account of Bray's inspection of the property, including measurements taken and photos. *Id.* While it may have been preferable for defendants to attach the report directly to the Bray declaration, Johnson does not dispute that the report – which was sent to him and his counsel back in July – is authentic, and its authenticity is attested to by Reimal and Corfee in their respective declarations. The Bray declaration, together with his CASp report, provide adequate support for his expert conclusion that the ADA barriers at the Property have been resolved. Accordingly, I conclude that defendants have submitted adequate evidence to demonstrate that there are no remaining barriers at the Property.

Because there is no meaningful dispute that the barriers at the Property have been resolved, defendants' motion to dismiss Johnson's ADA claim for mootness is GRANTED.

## II.     SUMMARY JUDGMENT

Defendants move for summary judgment on the issue of whether Johnson acted reasonably in returning to the Property four times, which is relevant to assessing defendants' liability for statutory damages on Johnson's Unruh Act claim. Mot. at 10. Defendants have otherwise admitted liability on the claim. Defendants argue that Johnson did not act reasonably by returning to the Property multiple times without notifying either the defendants or the chiropractic office that he was trying to access the Property and was experiencing physical barriers. *Id.* at 15. In his opposition brief Johnson did not address or oppose this part of defendants' motion. At the January 20, 2021 hearing on the motion, Johnson's counsel argued that the motion is premature as the parties have not conducted discovery. For the reasons discussed below, I conclude that Johnson had a general duty to mitigate damages, but failed to do so in this instance.

California Civil Code § 52(a) establishes statutory damages of no less than $4,000 for each violation of the Unruh Act, which may include multiple instances of visiting the same property or from being deterred from visiting. *See e.g.*, *Yates v. Vishal*, No. 11-cv-643-JCS, 2013 WL 6073516, at *3 (N.D. Cal. Nov. 18, 2013) ("In the hotel and restaurant context, a plaintiff can recover separate statutory damages for each time a plaintiff visits (or is deterred from visiting) a

non-compliant establishment . . . ."). However, California common law establishes a general duty to mitigate damages. *See Green v. Smith*, 261 C.A.2d 392, 396 (1968) ("A plaintiff cannot be compensated for damages which he could have avoided by reasonable effort or expenditures."). The Unruh Act specifically does not alter this duty. Cal. Civ. Code § 55.56(h) ("This section does not alter . . . any legal obligation of a party to mitigate damages."). The Unruh Act instructs that, for claims based on being "deterred from accessing a place of public accommodation on a particular occasion," Cal. Civ. Code § 55.56(d), and where the plaintiff claims multiple instances of deterrence courts "shall consider the reasonableness of the plaintiff's conduct in light of the plaintiff's obligation, if any, to mitigate damages." Cal. Civ. Code § 55.56(i). The Act does not specify whether courts must consider reasonableness when assessing liability for claims based on actual visits to the property.

District court cases assessing whether a duty to mitigate applies to Unruh Act claims based on actual visits to the property have reached different conclusions. Two district court cases endorse the idea that the duty to mitigate damages applies to Unruh Act claims predicated on actual encounters with physical barriers and that failure to notify the property owner of physical barriers may be unreasonable. *See Johnson v. Wayside Property, Inc.*, 41 F. Supp. 3d 973, 981-82 (E.D. Cal. 2014) (concluding there was fact issue as to whether plaintiff acted reasonably in returning to property multiple times without notifying property owner and denying summary judgment on issue of Unruh Act damages); *Ramirez v. Sam's for Play Café*, Civ. No. 11-1370 MEJ, 2013 WL 4428858, at *8-9 (N.D. Cal. Aug. 15, 2013) (denying summary judgment on issue of statutory damages and expressing skepticism as to reasonableness of defendant returning multiple times to the property without notifying property owner). However, both of these cases denied summary judgment on the issue of damages, concluding that whether the plaintiffs acted reasonably was a question of fact. *See id.*

Additional courts have indicated that there may be a duty to mitigate, but have declined to find a plaintiff's repeat visits unreasonable where the defendants were aware of the physical barriers or where there was no clear evidence that the plaintiff was engaged in "stacking" behavior to inflate their potential statutory damages. *See Johnson v. Sammy's Restaurant, Inc.*, No. 2:15-

9

cv-00147-TLN-KJN, 2019 WL 1517572, at *7 (E.D. Cal. Apr. 8, 2019) (granting summary judgment on statutory damages where "Defendants were clearly on notice that Plaintiff had encountered access barriers in 2011 that he expected would be removed"); *Yates v. Bacco*, No. C-11-01573 DMR, 2014 WL 1089101, at *15 (N.D. Cal. Mar. 17, 2014) (assessing whether plaintiff's conduct was reasonable in light of duty to mitigate damages and concluding that plaintiff was entitled to multiple statutory damage awards due to lack of evidence that plaintiff "engaged in inappropriate behavior to 'stack' his damages"); *Dytch v. Lazy Dog Restaurants, LLC*, Case No. 16-cv-03358-EDL, 2018 WL 9412715, at *13 (N.D. Cal. Apr. 18, 2018) (acknowledging that statutes may impose duty to mitigate in extreme cases, but awarding full statutory damages based on multiple visits).

Still yet, some cases have rejected the idea that mitigation of damages applies to Unruh Act claims. *See Johnson v. Guedoir*, 218 F. Supp. 3d 1096, 1102-03 (E.D. Cal. 2016) ("This section [55.56] does not create a duty to mitigate, but merely states that where one exists the section does not alter said duty."); *Schutza v. City of San Diego*, Case No.: 3:13-cv-2992-CAB-(KSC), 2017 WL 3149509, at *7 (S.D. Cal. July 24, 2017) ("there is no requirement that Plaintiff mitigate damages when he is merely seeking statutory damages").

I am not persuaded by the cases concluding that there is no duty to mitigate statutory damages for Unruh Act claims. While California courts have not addressed this specific issue, defendants have convincingly shown that California courts generally favor mitigation of damages and that California common law establishes a general duty to mitigate. *See e.g. Green*, 261 C.A. 2d at 396 ("A plaintiff cannot be compensated for damages which he could have avoided by reasonably effort or expenditures."); *State Dept. of Health Servs. v. Superior Court*, 31 Cal. 4th 1026, 1049 (2003) (explaining that the generally duty to mitigate "applies broadly to many different sorts of legal claims, including claims based on strict liability").

The question then is whether on the facts presented, plaintiff acted reasonably in light of the general duty to mitigate damages. Defendants have submitted declaration testimony explaining that Johnson did not notify either defendants, or the chiropractic office he was attempting to access, that he wanted to access the Property or was experiencing physical barriers.

1  *See* Reimal Decl. ¶ 2, 6, 8-9, 18-19. Defendants have further explained that the chiropractic office
2  Johnson sought to access is by appointment only and that Johnson never contacted the business at
3  any point to attempt to make an appointment. *Id.* Defendants also note that Johnson lives more
4  than 150 miles away from the Property, and would have had to travel over 300 miles, round trip,
5  to visit the office. *See* Corfee Decl., Ex. E; Dkt. No. 28-3 ("RJN").[1] Despite this, Johnson alleges
6  that he made four separate visits to the Property in 2019. Plaintiff has not submitted any evidence
7  in opposition or in support of a finding that he acted reasonably to mitigate damages.

8  On these facts, I conclude that Johnson did not act reasonably to mitigate damages as a
9  matter of law. Courts have acknowledged that repeat visits to a property may be unreasonable
10  where the plaintiff does not notify the property owner of his attempts to access the property and of
11  the physical barriers he is experiencing. *See Johnson v. Wayside Property*, 41 F. Supp. 3d at 981-
12  82; *Ramirez*, 2013 WL 4428858, at *8-9. Here, as in *Johnson v. Wayside Property* and *Ramirez*,
13  Johnson made multiple visits to the same property, but did not notify the defendants that he was
14  attempting to access the property. While the courts in *Johnson v. Wayside* and *Ramirez* ultimately
15  concluded that the question of reasonableness should be left up to the fact finder, here, additional
16  facts make clear that Johnson's conduct was not reasonable as a matter of law.

17  The businesses at issue in *Johnson v. Wayside* and *Ramirez* were typical retail businesses
18  open to the general public on a walk-in basis. *See Johnson v. Wayside Property*, 41 F. Supp. 3d at
19  974 (relevant business was lumber store); *Ramirez*, 2013 WL 4428858, at *3 (relevant business
20  was restaurant). In contrast, the relevant business here is an appointment-only chiropractic office
21  that is only open part time. A reasonable consumer might visit such a business once without an
22  appointment to learn about the business or see if it can accommodate walk ins, but would not
23  return four times without ever contacting the business owner or attempting to schedule an
24  appointment. It is especially implausible that a reasonable consumer would drive over 150 miles
25  one way to visit an appointment-only chiropractic office without first calling ahead, let alone that

---

[1] Defendants' request for judicial notice regarding the distance between Mr. Johnson's residence and the Property is granted as this information can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

he would do so on four separate occasions.

Johnson has been the plaintiff in over 1,439 ADA cases in this District alone, according to ECF records, and is a sophisticated party.  The facts in this case strongly indicate that Johnson made repeat visits to the Property not to obtain chiropractic services, but to "stack" damages on his claim.  Given the general duty to mitigate damages, I conclude that Johnson did not act reasonably in visiting the Property on four separate occasions without notifying the Property owner or the chiropractic business of his attempts to access the Property.  Accordingly, defendants' motion for summary judgment is GRANTED.  Johnson may only recover statutory damages for one instance of visiting the Property.

## CONCLUSION

For the reasons detailed above, defendants' motion to dismiss the ADA claim as moot is GRANTED.  Defendants' motion for partial summary judgment on the issue of statutory damages on the Unruh Act claim is GRANTED.

**IT IS SO ORDERED.**

Dated: February 8, 2021

William H. Orrick
United States District Judge